UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STOUTMILES,

    Petitioner,                       Civil No. 2:09-CV-11884
                                      HONORABLE ARTHUR J. TARNOW
v.                               UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Michael Stoutmiles, ("Petitioner"), presently confined at Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [1] In his *pro se* application, petitioner challenges the Michigan Parole Board's refusal to consider granting him parole for his convictions for third-degree criminal sexual conduct. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

---

[1] Although Petitioner filed his application for writ of habeas corpus under 28 U.S.C. § 2241, § 2254 is not only the "appropriate vehicle" for Petitioner's parole denial claims, it is, practically speaking, the sole vehicle. *Crouch v. Norris,* 251 F. 3d 720, 723 (8th Cir. 2001). This is because petitioner is a "person in custody pursuant to the judgment of a State court", and can only obtain habeas relief under § 2254, regardless of how his pleadings are styled. *Id.* (*quoting* 28 U.S.C. § 2254(a)).

*Stoutmiles v. Bell,* U.S.D.C. 09-CV-11884

## I.  Background

Petitioner was convicted by a jury of one count of third-degree criminal sexual conduct in the Berrien County Circuit Court and was sentenced on November 1, 1999 to six to fifteen years in prison.  Petitioner pleaded no contest in a second case to another count of third-degree criminal sexual conduct in the Berrien County Circuit Court and was sentenced on November 22, 1999 to three years, two months to fifteen years in prison.

Petitioner claims that he has been denied release on parole by the Michigan Parole Board four times, the most recently, in March of 2009.

Petitioner now seeks the issuance of a writ of habeas corpus, claiming that he was wrongly denied parole release by the Michigan Parole Board.

## II.  Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

*Stoutmiles v. Bell,* U.S.D.C. 09-CV-11884

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

Petitioner claims that the Michigan Parole Board has violated his due process rights by refusing to release him on parole.

Petitioner acknowledges that he has yet to present his claim to the Michigan courts.  However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claim with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).  Moreover, an unexhausted claim may be addressed if the claim is without merit, and addressing the claim would serve the interest of judicial efficiency and would not offend federal-state comity concerns. *See e.g. Matthews v. Abramajtys*, 92 F.Supp. 2d 615, 628 (E.D. Mich. 2000); *aff'd in part, rev'd in part on other grds,* 319 F. 3d 780 (6th Cir. 2003).

*Stoutmiles v. Bell,* U.S.D.C. 09-CV-11884

Petitioner's primary claim is that the Michigan Parole Board failed to offer substantial or compelling reasons, as required by M.C.L.A. 791.233e, for departing above the Michigan Parole Guidelines, which gave petitioner a high probability score for being paroled.

A parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004); *See also Coleman v. Martin,* 63 Fed. Appx. 791, 792-93 (6th Cir. 2003)(prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines).  In addition, the fact that Michigan's parole scheme requires the Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range does not create a protected liberty interest in petitioner being released on parole. *See Carnes v. Engler,* 76 Fed. Appx. 79, 80 (6th Cir. 2003).  Finally, the Michigan Parole Board gave valid reasons for departing above the parole guidelines range in denying petitioner parole.

Likewise, petitioner's claim that the Michigan Parole Board continued his next parole date in excess of twelve months, in violation of M.C.L.A. 24.207(7)(k) and Admin. R. 791.7710(2)(c), fails to state a claim for which relief can be granted. *See Green v. Bell,* No. 2009 WL 1689919, * 2 (E.D. Mich. June 17, 2009)(*citing Smith v. Samper,* No. 2005 WL 1037011, * 1-2 (W.D. Mich. May 4, 2005)).

Finally, petitioner's allegation that the Michigan Parole Board failed to comply with Michigan's Administrative Procedures Act in promulgating the new rules regarding his eligibility for parole is non-cognizable, because the failure of a prison or a state to

4

*Stoutmiles v. Bell,* U.S.D.C. 09-CV-11884

follow its own policies or procedures does not amount to a constitutional violation. *See Coleman v. Martin,* 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005).

### IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 30, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary